**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:20-CV-00747-CHL**

**AMY A.,[1]**                                                                                                   **Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**                                         **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Complaint filed by Plaintiff, Amy A. ("Claimant") seeking judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"). (DN 1.) Claimant and the Commissioner each filed a Fact and Law Summary. (DNs 18, 23.) Therefore, this matter is ripe for review. The Parties have consented to the jurisdiction of a Magistrate Judge to enter judgment in this case with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 17.)

For the reasons set forth below, the final decision of the Commissioner is **AFFIRMED**.

**I.     BACKGROUND**

On or about January 30, 2019, Claimant protectively filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging disability beginning on October 15, 2018. (R. at 154, 207, 209, 222, 224, 311-16, 323-28.) On March 19, 2020, Administrative Law Judge ("ALJ") John R. Price ("the ALJ") conducted a hearing on Claimant's application. (*Id.* at 177-95.) In a decision dated April 10, 2020, the ALJ engaged in the five-step sequential evaluation process promulgated by the Commissioner to determine whether an individual is disabled. (*Id.* at 151-76.) In doing so, the ALJ found that Claimant had "not been

---

[1] Pursuant to General Order 22-05, the Plaintiff in this case is identified and referenced solely by first name and last initial.

under a disability, as defined in the Social Security Act, from October 15, 2018, through the date of [ ]his decision." (*Id.* at 170.)

Claimant subsequently requested an appeal to the Appeals Council. (*Id.* at 308-10, 434-36.) Claimant submitted to the Appeals Council additional medical records that were not part of the record before the ALJ and which did not consider. (*Id.* at 8-143.) On October 20, 2020, the Appeals Council denied Claimant's request for review. (*Id.* at 1-7.) In doing so, the Appeals Council stated that it "found no reason under [its] rules to review the Administrative Law Judge's decision." (*Id.* at 1.) As to the additional evidence submitted by the Claimant, the Appeals Council explained:

> You submitted evidence from Northern Orthopedic Institute, dated January 9, 2020 through April 9, 2020 (77 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> You submitted evidence from Northern Orthopedic Institute, dated April 30, 2020 through June 30, 2020 (43 pages) and OCH Louisville, dated August 24, 2020 (16 pages). The Administrative Law Judge decided your case through April 10, 2020. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before April 10, 2020.
>
> If you want us to consider whether you were disabled after April 10, 2020, you need to apply again.

(*Id.* at 2.) At that point, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. § 422.210(a) (2021); *see also* 42 U.S.C. § 405(h) (discussing finality of the Commissioner's decision). Pursuant to 20 C.F.R. § 422.210(c), Claimant is presumed to have received that decision five days later. 20 C.F.R. § 422.210(c). Accordingly, Claimant timely filed this action on November 9, 2020. (DN 1.).

## II. DISCUSSION

The Social Security Act authorizes payments of DIB and SSI to persons with disabilities. *See* 42 U.S.C. §§ 404-434, 1381-1383f. An individual shall be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a) (2021).

### A. Standard of Review

The Court may review the final decision of the Commissioner but that review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013); *see Smith v. Sec'y of Health & Hum. Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (holding that if the Court determines the ALJ's decision is supported by substantial evidence, the court "may not even inquire whether the record could support a decision the other way"). However, "failure to follow agency rules and regulations" constitutes lack of substantial evidence, even where the Commissioner's findings can otherwise be justified by evidence in the record. *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011).

## B.     Five-Step Sequential Evaluation Process for Evaluating Disability

The Commissioner has promulgated regulations that set forth a five-step sequential evaluation process that an ALJ must follow in evaluating whether an individual is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2021). In summary, the evaluation process proceeds as follows:

(1)    Is the claimant involved in substantial gainful activity? If the answer is "yes," the claimant is not disabled. If the answer is "no," proceed to the next step.

(2)    Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement[2] and significantly limits his or her physical or mental ability to do basic work activities? If the answer is "no," the claimant is not disabled. If the answer is "yes," proceed to the next step.

(3)    Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within 20 C.F.R. Part 404, Subpart P, Appendix 1? If the answer is "yes," the claimant is disabled. If the answer is "no," proceed to the next step.

(4)    Does the claimant have the residual functional capacity ("RFC") to return to his or her past relevant work? If the answer is "yes," then the claimant is not disabled. If the answer is "no," proceed to the next step.

(5)    Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If the answer is "yes," the claimant is not disabled. If the answer is "no," the claimant is disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The claimant bears the burden of proof with respect to steps one through four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). However, the burden shifts to the Commissioner at step five to prove that other work is available that the claimant is capable of performing. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008). The claimant

---

[2] To be considered, an impairment must be expected to result in death or have lasted/be expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1509, 416.909 (2021).

always retains the burden of proving lack of RFC. *Id.*; *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999).

### C. Claimant's Contentions

Claimant argued that the new evidence she submitted to the Appeals Council justifies a different result than that reached by the ALJ. (DN 18, at PageID # 1375.) She argued that records from her treating providers from January 9, 2020, through April 9, 2020, that she supplied to the Appeals Council contradicted the ALJ's conclusions regarding her pain and the condition of her right knee. (*Id.*) In a heading in her brief, she stated, "Additional Evidence Submitted to the Appeals Council Warrants a Remand under Sentence Six of U.S.C. § 405(g)." (*Id.*)

To the extent that Claimant argues that any errors were made by the Appeals Council, this Court lacks jurisdiction to review the decision of the Appeals Council and is limited to reviewing the final decision of the Commissioner, which, here, is the ALJ's decision. The Social Security Act provides, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g). "But the [Social Security] Act does not define 'final decision,' instead leaving it to the [Social Security Administration] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a) and *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). The applicable regulations provide that where the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner. 20 C.F.R. § 422.210(a); 20 C.F.R. §§ 404.900(a)(4)-(5), 416.1400(a)(4)-(5), 404.955, 416.1455, 404.981, 416.1481 (2021); *see also Sims*, 530 U.S. at 106 ("SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. But if, as here, the Council denies the

request for review, the ALJ's opinion becomes the final decision."). Indeed, 20 C.F.R. § 422.210(a) expressly provides that "[a] claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council *when that is the final decision of the [Commissioner].*" 20 C.F.R. § 422.210(a) (emphasis added). As noted above, the scope of the Court's review under the applicable statutory authority is expressly limited to whether the final decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied in that decision. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *Key*, 109 F.3d at 273; *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993) (citing 42 U.S.C. § 405(g)) ("We review the final decision of the [Commissioner] to determine whether it is supported by substantial evidence."). Thus, the Appeals Council's denial of review of the ALJ's decision is a non-final decision of the agency that is not subject to judicial review. *See Meeks v. Sec'y of Health & Hum. Servs.*, 996 F.2d 1215, 1993 WL 216530, at *1 (6th Cir. June 18, 1993) (citing 20 C.F.R. § 404.955) (unpublished) ("An Appeals Council order denying review is not, however, a reviewable order; such an order serves only to make the decision of the ALJ the final reviewable decision of the [Commissioner]."); *Matthews v. Apfel,* 239 F.3d 589, 594 (3d Cir. 2001) ("No statutory authority (the source of the district court's review) authorizes the court to review the Appeals Council decision to deny review."); *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1231 (9th Cir. 2011) ("When the Appeals Council denies a request for review, it is a non-final agency action not

subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner.").

To the extent Claimant attempts to argue that this Court should review the evidence she submitted to the Appeals Council and use it as a potential basis for overturning the ALJ's decision, this request is contrary to controlling authority. When "the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *see also Cotton*, 2 F.3d at 695-96. The only purpose for which a court may consider this new evidence is in determining the appropriateness of a sentence-six remand. A remand under 42 U.S.C. § 405(g) "sentence six" for consideration of additional evidence is warranted only if (1) the evidence is "new" and "material" and (2) "good cause" is shown for the failure to present the evidence to the ALJ. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (citing *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)). "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006) (citing *Foster*, 279 F.3d at 357). As to the first requirement, evidence is only "new" for purposes of 42 U.S.C. § 405(g) if it was not in existence or available to the claimant at the time of the administrative proceeding. *Foster*, 279 F.3d at 357. Such evidence is deemed "material" if "there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* However, evidence is not considered material if it merely depicts an aggravation or deterioration in an existing condition. *Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709, 712 (6th Cir. 1988). As to the second requirement, a claimant shows "good cause" by

7

demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. *Id.*

Claimant's brief falls far short of meeting this standard. As noted above, her only reference to sentence six is in a heading. Fatally, she does not include any showing of good cause and only a conclusory attempt at a showing regarding newness and/or materiality. Though the Court understands why the Commissioner responded in her brief with a substantive analysis of the propriety of a sentence-six remand, the Court nonetheless finds that doing this analysis is not warranted. It is Claimant's burden to demonstrate that she is entitled to remand, and she neither attempted to demonstrate good cause nor to delineate between new and material evidence. She also cited to no authority in support of her arguments. As such, anything the undersigned would construe as an argument regarding a sentence-six remand is perfunctory at best and should be deemed waived. *See United States v. Layne*, 192 F.3d 556, 566-67 (6th Cir. 1999) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (finding that issues adverted to in a "perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); *Rice v. Comm'r of Soc. Sec.*, 169 F. App'x 452, 454 (6th Cir. 2006).

Claimant's brief also fails to state a cogent argument regarding any errors in the underlying decision of the ALJ. She argued that the ALJ "failed to follow the dictates of the various SSR's and case law" and that if he had done so, he would have concluded that she was entitled to benefits. (DN 18, at PageID # 1374.) But Claimant did not identify any specific SSR or case law that the ALJ failed to follow. Her brief contains only citations to general standards of review such as the five steps and the definition of substantial evidence but no targeted arguments about how any of those general standards were violated by the ALJ. She made a fleeting reference to receiving "extensive treatment" from various providers but did not provide specific record cites for the

Court's consideration other than to a range of over four hundred pages of documents. She included no analysis of the ALJ's conclusions or the evidence of record. Thus, again, while the Court understands why the Commissioner responded as if Claimant had raised a substantive claim regarding whether substantial evidence supported the ALJ's decision, the Court sees no need to do any analysis and deems Claimant's perfunctory arguments regarding "errors" in the ALJ's decision waived.

In short, Claimant's brief has wholly failed to raise any specific argument supported by citations to relevant authority or evidence of record for the Court's consideration.

### III.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

*Colin H Lindsay, Magistrate Judge*
*United States District Court*

cc:     Counsel of Record
          September 22, 2022